**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | |
|---|---|
| IN RE:<br>SHERI PUGLIESI<br>　　　Debtor | Case No. 23-10464-pmm |
| | Chapter 13 |
| DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, as Trustee for MORGAN STANLEY<br>HOME EQUITY LOAN TRUST 2006-2,<br>　　　Movant | |
| vs.<br>SHERI PUGLIESI<br>　　　Respondent | 11 U.S.C. §362 |

**STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF
FROM THE AUTOMATIC STAY**

It is hereby stipulated by and between Brock & Scott, PLLC, counsel for the Movant, DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for MORGAN STANLEY HOME EQUITY LOAN TRUST 2006-2, and MICHAEL A. CIBIK, Esquire, counsel for the Debtor, as follows:

1.　The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2.　This Stipulation pertains to the property located at 4741 Tampa Street, Philadelphia, PA 19120, mortgage account ending with "8789".

3.　The parties agree that the total post-petition arrearage consists of legal fees in the amount of $1,350.00, court costs in the amount of $199.00, less suspense in the amount of $925.53, resulting in the total post-petition arrearage amount of $623.47.  The amounts listed above may not include any post-petition fees and costs previously filed with the Court pursuant to Rule 3002.1.  The Secured Creditor does not waive it's right to collect these amounts.

4.　Debtor will cure the post-petition arrearage by making a lump sum payment in the amount of $623.47 by April 30, 2026.

5.　Debtor agrees to remain current post-petition from this day forward. Beginning May 1, 2026 in the amount of $624.71, all subsequent monthly payments and any late charges, shall be due in accordance with the terms of the Mortgage. All

payments made pursuant to this Stipulation shall be by certified check or money order payable to Onity Mortgage Corporation, P.O. Box 24781 / Attn: SBRP, West Palm Beach, FL 33416.

6. If Debtor provide sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

7. Should the Debtor fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, whichever failure occurs first, the Movant may send Debtor and counsel, if applicable, a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362, waiving FED. R. Bankr. P. 3002.1 and waiving Bankruptcy Rule 4001(a)(4) so that the Relief Order is immediately effective and enforceable.

8. In the event the Debtor converts this case to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtor fail to bring the loan contractually current, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362, and waiving Rule 4001(a)(4) so that the Relief Order is immediately effective and enforceable.

9. Debtor's tendering of a check to ONITY MORTGAGE CORPORATION F/K/A PHH MORTGAGE CORPORATION, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

10. The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

11. The parties agree that a facsimile signature shall be considered an original signature.

Dated: April 15, 2026                    /s/ Andrew Spivack
                                         Andrew Spivack, Esquire

Attorney for Movant

_/s/ Michael A. Cibik_____
MICHAEL A. CIBIK, Esquire
Attorney for Debtor

 /s/ Jack K. Miller, Esquire      for
_____
KENNETH E. WEST, Esquire
Trustee

I have no objection to the terms
of the proposed stipulation,
without prejudice to any rights
or remedies available to us.